DOCKET #

U.S. DISTRICT COURT
WEST. DIST. OF WISCONS.

DEC 17 2007

THERESA M. OWENS CLERK
CASE #

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

FUJITSU LIMITED, LG ELECTRONICS,
INC., AND U.S. PHILIPS
CORPORATION,

        Plaintiffs,

v.

NETGEAR, INC.,

        Defendant.

Case No. **07 C 0710 C**

## COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR TRIAL BY JURY

Plaintiffs Fujitsu Limited, LG Electronics, Inc., and U.S. Philips Corporation (collectively, "Plaintiffs") file this Complaint for patent infringement against Defendant Netgear, Inc. ("Netgear"), demand a trial by jury, and state and allege as follows:

### PARTIES

1. Fujitsu Limited ("Fujitsu") is a corporation organized and existing under the laws of Japan. Fujitsu maintains its principal place of business at Shiodome City Center, 1-5-2 Higashi-Shimbashi Minato-ku, Tokyo, 105-7123, Japan.

2. LG Electronics, Inc. ("LG") is a corporation organized and existing under the laws of the Republic of Korea. LG maintains its principal place of business at LG Twin Towers, 20, Yeouido-dong, Yeongdeungpo-gu, Seoul, 150-721, Republic of Korea.

3. U.S. Philips Corporation ("Philips") is a corporation organized and existing under the laws of the State of Delaware. Philips maintains its principal place of business at 1251 Avenue of the Americas, New York, New York 10020.

4. Plaintiffs are informed and believe, and based thereon allege, that Netgear is a corporation organized and existing under the laws of the State of Delaware and maintains its principal place of business at 4500 Great America Parkway, Santa Clara, California 95054.

## JURISDICTION AND VENUE

5. The claims in this patent infringement action arise under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including but not limited to 35 U.S.C. § 271.

6. This Court has subject-matter jurisdiction over this controversy under 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has personal jurisdiction over Netgear because Netgear has committed and continues to commit acts of patent infringement in this District.

8. Venue in this District is proper under 28 U.S.C. §§ 1391(b)-(c), and 1400(b).

## THE 802.11 STANDARD

9. The inventions in this case relate to the Institute of Electrical and Electronics Engineers' ("IEEE") 802.11 Standard (the "802.11 Standard"), which establishes a set of protocols for wireless networks.

10. The IEEE is a nonprofit, professional association with more than 370,000 members worldwide. One of the IEEE's main activities is the creation and maintenance of technical standards—such as the 802.11 Standard—that represent the consensus of its members distilled from an open process involving interested parties.

11. The 802.11 Standard is a technical standard that establishes numerous protocols for implementing a wireless network. Any device that operates in an 802.11-compliant wireless network must comply with these protocols. Traditionally, the Internet and other networks required a physical infrastructure, such as copper wires or fiber-optic cables, for data transmission. Wireless networks, by contrast, permit data to be transmitted via radio frequencies, allowing network users to communicate without being tethered to a physical infrastructure.

12. The 802.11 Standard has fueled the proliferation of wireless networks, which are now available in coffee shops, airports, homes, offices, and other places. The IEEE published its original 802.11 Standard in 1997 ("original 802.11 Standard"). The original 802.11 Standard established various protocols for 802.11 wireless networks, including specifying what portion of the radio frequency spectrum should be used to transmit data, what techniques were available to modulate data, and how data must be secured. The IEEE continues to modify and expand the original 802.11 Standard. For example, the 802.11b supplement was released in 1999 in part to expand the protocols to allow for data transmission over another part of the radio frequency spectrum; the 802.11g supplement was released in 2002 in part to add a new modulation scheme; and the 802.11e supplement was released in 2005 in part to provide for improvements in quality of service. The 802.11 Standard comprises the original 802.11 Standard and all of its supplements.

## THE 802.11 PATENT POOL

13. In 2004, Via Licensing, a wholly owned subsidiary of Dolby Laboratories, Inc., created a licensing program with the 802.11 Commercialization Agreement for patents relating to the 802.11 Standard (the "802.11 Patent Pool"). For a patent to become part of the 802.11 Patent Pool, at least one claim in that patent must be deemed "essential," which the 802.11 Commercialization Agreement defines as a claim "that would be necessarily and unavoidably infringed (in the absence of a license) by the implementation of the compulsory portions of the 802.11 Standard."

14. Each of the following three patents asserted by Plaintiffs in this action contains at least one claim that has been deemed essential to the 802.11 Standard: United States Patent Nos. 6,018,642; 6,469,993; and 4,975,952 (collectively, "Asserted Patents"). Each of the Asserted Patents is part of the 802.11 Patent Pool. The patents in the 802.11 Patent Pool are available for licensing from Via Licensing or the patent owners.

15. Via Licensing grants licenses under all patents in the 802.11 Patent Pool on reasonable and nondiscriminatory terms.

### NETGEAR'S DELIBERATE INFRINGEMENT

16. Via Licensing offered Netgear a reasonable and nondiscriminatory license under all patents in the 802.11 Patent Pool in May 2005. Netgear declined this offer and continues to refuse to enter into a license with Via Licensing or the Asserted Patents' respective owners.

17. Although Netgear refuses to take a license from Via Licensing or any of the Plaintiffs, Netgear represents in advertisements and elsewhere that many of its products comply with the 802.11 Standard. The following are examples of representations made directly on Netgear packaging:

- Netgear's PROSAFE™ 802.11G WIRELESS ACCESS POINT (WG102) "[s]upports use of existing 802.11b/g devices," and is "NOW AVAILABLE! with IEEE 802.11i Security and 802.11e Quality of Service (WMM™)";
- Netgear's 54 MBPS WIRELESS PCI ADAPTER (WG311) is "compatible with 802.11b or 802.11g";
- Netgear's 54 MBPS WIRELESS PC CARD (WG511) "works with either 802.11g or 802.11b wireless routers and access points";
- Netgear's RANGEMAX™ WIRELESS ACCESS POINT (WPN802) "[w]orks with existing 802.11g/b devices";
- Netgear's 54 MBPS WIRELESS ROUTER (WGR614) lists "802.11g" and states that "[i]t also is backward compatible with 802.11b wireless devices"; and
- Netgear's 108 MBPS WIRELESS ROUTER (WGT624) states "Standards Capability: 802.11g and 802.11b."

18. In addition to advertising that its products comply with the 802.11 Standard, Netgear submits many of its products to the Wi-Fi Alliance, a global, non-profit industry association with more than 300 member companies. The Wi-Fi Alliance tests and certifies

4

products to ensure interoperability based on the 802.11 Standard. As of October 2007, Netgear has almost 100 products certified by the Wi-Fi Alliance, including five of the six products listed in the previous paragraph (the WG102, WG311, WG511, WGR614, and WGT624).

19. In short, Netgear boasts that it implements and complies with the 802.11 Standard while refusing to license patents that are necessarily and unavoidably infringed by products that implement the 802.11 Standard. By refusing to enter into the reasonable and nondiscriminatory license offered by Via Licensing, and by failing to license the Asserted Patents from the patents' respective owners, Netgear is intentionally and willfully infringing the Asserted Patents.

## COUNT 1: PATENT INFRINGEMENT
(Infringement of United States Patent No. 6,018,642)

20. Plaintiff Fujitsu realleges and incorporates herein by reference the allegations stated in paragraphs 1-19 of this Complaint.

21. United States Patent No. 6,018,642 (the "'642 Patent"), entitled "Radio Communications System, Base Station for Radio Communications System, and Intermittent Power-On Type Mobile Station," was duly and legally issued on January 25, 2000 and is owned by Fujitsu. A true and correct copy of the '642 Patent is attached as Exhibit A.

22. Netgear has been and is infringing, contributorily infringing, and/or inducing infringement of the '642 Patent by making, using, selling, offering for sale, exporting, and/or importing, without a license or other authority from Via Licensing or Fujitsu, products that practice the 802.11 Standard.

23. As a direct and proximate result of Netgear's infringement of the '642 Patent, Fujitsu has been and continues to be damaged in an amount yet to be determined.

24. By reason of the above acts, Netgear has caused, is causing, and unless enjoined and restrained by this Court, will continue to cause Fujitsu irreparable injury for which there is no adequate remedy at law. Fujitsu is entitled to injunctive relief enjoining and restraining

Netgear, its officers, agents, servants, and employees, and all persons acting in concert with them, and each of them, from further infringement of the '642 Patent.

25. Netgear's infringement of the '642 Patent is, has been, and continues to be committed with full knowledge of Fujitsu's rights under the '642 Patent, and in willful, wanton, and deliberate disregard thereof, rendering this an exceptional case under 35 U.S.C. § 285 and entitling Fujitsu to recover enhanced damages and attorneys' fees.

## COUNT 2: PATENT INFRINGEMENT
### (Infringement of United States Patent No. 6,469,993)

26. Plaintiff LG realleges and incorporates herein by reference the allegations stated in paragraphs 1-25 of this Complaint.

27. United States Patent No. 6,469,993 (the "'993 Patent"), entitled "Method For Controlling Traffic Load In Mobile Communication System," was duly and legally issued on October 22, 2002 and is owned by LG. A true and correct copy of the '993 Patent is attached as Exhibit B. On June 26, 2007, a Certificate of Correction was filed with the United States Patent and Trademark Office to correct claims 8, 12, 21, and 25 of the '993 Patent. A true and correct copy of the Certificate of Correction is attached as Exhibit C.

28. Netgear has been and is infringing, contributorily infringing, and/or inducing infringement of the '993 Patent by making, using, selling, offering for sale, exporting, and/or importing, without a license or other authority from Via Licensing or LG, products that practice the 802.11 Standard.

29. As a direct and proximate result of Netgear's infringement of the '993 Patent, LG has been and continues to be damaged in an amount yet to be determined.

30. By reason of the above acts, Netgear has caused, is causing, and unless enjoined and restrained by this Court, will continue to cause LG irreparable injury for which there is no adequate remedy at law. LG is entitled to injunctive relief enjoining and restraining Netgear, its

officers, agents, servants, and employees, and all persons acting in concert with them, and each of them, from further infringement of the '993 Patent.

31.   Netgear's infringement of the '993 Patent is, has been, and continues to be committed with full knowledge of LG's rights under the '993 Patent, and in willful, wanton, and deliberate disregard thereof, rendering this an exceptional case under 35 U.S.C. § 285 and entitling LG to recover enhanced damages and attorneys' fees.

## COUNT 3: PATENT INFRINGEMENT
### (Infringement of United States Patent No. 4,975,952)

32.   Plaintiff Philips realleges and incorporates herein by reference the allegations stated in paragraphs 1-31 of this Complaint

33.   United States Patent No. 4,975,952 (the "'952 Patent"), entitled "Method of Data Communication," was duly and legally issued on December 4, 1990 and is owned by Philips. A true and correct copy of the '952 Patent is attached as Exhibit D.

34.   Netgear has infringed, contributorily infringed, and/or induced infringement of the '952 Patent by making, using, selling, offering for sale, exporting, and/or importing, without a license or other authority from Via Licensing or Philips, products that practice the 802.11 Standard.

35.   As a direct and proximate result of Netgear's infringement of the '952 Patent, Philips has been and continues to be damaged in an amount yet to be determined.

36.   Netgear's infringement of the '952 Patent was committed with full knowledge of Philips's rights under the '952 Patent, and in willful, wanton, and deliberate disregard thereof, rendering this an exceptional case under 35 U.S.C. § 285 and entitling Philips to recover enhanced damages and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Netgear as follows:

1. A judgment declaring that Netgear has directly infringed each of the Asserted Patents, contributorily infringed each of the Asserted Patents, and/or induced infringement of each of the Asserted Patents;

2. A permanent injunction against Netgear, its officers, agents, servants, and employees, and all persons acting in concert with them, and enjoining each of them, from infringing, inducing others to infringe, and/or engaging in contributory infringement of the '642 Patent and the '993 Patent;

3. Damages to each of the Plaintiffs based on Netgear's infringement of each of the Asserted Patents, in amounts according to proof, and trebling such damages by reason of the willful, wanton, and deliberate nature of Netgear's infringement;

4. Prejudgment interest on all damages awarded;

5. A declaration that this is an exceptional case under 35 U.S.C. § 285 and an award to each of the Plaintiffs of their attorneys' fees in this action;

6. An award to each of the Plaintiffs of their costs of suit; and

7. Such other and further relief as the Court deems just and equitable.

Dated: December 17, 2007

*/s/ John S. Skilton*
John S. Skilton
David E. Jones
Sarah C. Walkenhorst
Heller Ehrman LLP
One East Main Street, Suite 201
Madison, WI 53703-5118
Telephone: (608) 663-7460
Facsimile: (608) 663-7499

Attorneys for Plaintiffs

FUJITSU LIMITED, LG ELECTRONICS, INC., and U.S. PHILIPS CORPORATION

Of Counsel

George A. Riley
Mark E. Miller
Luann L. Simmons
Keith P. Gray
David S. Almeling
O'Melveny & Myers LLP
Embarcadero Center West
275 Battery Street
San Francisco, CA 94111-3305
Telephone: (415) 984-8700
Facsimile: (415) 984-8701

James Pooley
L. Scott Oliver
Morrison & Foerster LLP
755 Page Mill Road
Palo Alto, CA 94304-1018
Telephone: (650) 813-5600
Facsimile: (650) 494-0792

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand trial by jury of all issues so triable under the law as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated: December 17, 2007

*/s/ John S. Skilton*
John S. Skilton
David E. Jones
Sarah C. Walkenhorst
Heller Ehrman LLP
One East Main Street, Suite 201
Madison, WI 53703-5118
Telephone: (608) 663-7460
Facsimile: (608) 663-7499

Attorneys for Plaintiffs

FUJITSU LIMITED, LG ELECTRONICS, INC., and U.S. PHILIPS CORPORATION

Of Counsel

George A. Riley
Mark E. Miller
Luann L. Simmons
Keith P. Gray
David S. Almeling
O'Melveny & Myers LLP
Embarcadero Center West
275 Battery Street
San Francisco, CA 94111-3305
Telephone: (415) 984-8700
Facsimile: (415) 984-8701

James Pooley
L. Scott Oliver
Morrison & Foerster LLP
755 Page Mill Road
Palo Alto, CA 94304-1018
Telephone: (650) 813-5600
Facsimile: (650) 494-0792