IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

FUJITSU LIMITED, LG ELECTRONICS, INC.
and U.S. PHILIPS CORPORATION,

                                                        OPINION AND ORDER

                  Plaintiffs,

                                                      07-cv-710-bbc

     v.

NETGEAR, INC.,

                  Defendant, Counter-claimant
                  and Third-Party Plaintiff,

     v.

ATHEROS COMMUNICATIONS, INC.,
MARVELL SEMICONDUCTOR, INC.
and BROADCOM CORPORATION,

                  Third-Party Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant NETGEAR, Inc. has filed a motion to transfer this patent infringement suit to the Northern District of California, pursuant to 28 U.S.C. § 1404(a). In a motion to transfer venue, the moving party bears the burden of establishing that the transferee forum is "clearly more convenient." Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219-20

1

(7th Cir. 1986).  Because defendant NETGEAR has not met that burden I will deny its motion to transfer.

I find the following facts from the facts alleged in the complaint and the affidavits.

FACTS

Plaintiffs Fujitsu Limited, LG Electronics, Inc. and U.S. Philips Corporation contend that defendant is infringing on (1) United States Patent No. 6,018,642 (the '642 patent), which is owned by Fujitsu; (2) United States Patent No. 6,469,993 (the '993 patent), which is owned by LG Electronics; and (3) United States Patent No. 4,975,952 (the '952 patent), which is owned by U.S. Philips.  Plaintiff Fujitsu is a corporation organized and existing under the laws of Japan.  It maintains its principal place of business in Tokyo, Japan. Plaintiff LG Electronics is a corporation organized and existing under the laws of the Republic of Korea.  It maintains its principal place of business in Seoul, Republic of Korea. Plaintiff U.S. Philips is a corporation organized and existing under the laws of the state of Delaware.  It maintains its principal place of business in New York, New York.

Defendant NETGEAR, Inc. is a corporation organized and existing under the laws of the state of Delaware.  It maintains its principal place of business in Santa Clara, California. Defendant sells its products worldwide, including in the Western District of Wisconsin, through resellers and distributors.  Defendant admits that it is subject to personal

2

jurisdiction in the Western District of Wisconsin.

OPINION

Although defendant does not contend that venue is improper in the Western District of Wisconsin, at times it seems to contend that this district is not more convenient than the Northern District of California.  That argument is inapposite.  Because there is no dispute that venue is proper in this district, plaintiffs do not have to prove that the Western District of Wisconsin is the more convenient forum; instead, as stated before, defendant has the burden to prove that the Northern District of California is clearly more convenient.  Coffey, 796 F.2d at 219-20.  Defendant's core argument is that the Northern District of California is more convenient for defendant and its attorneys as well as being more closely situated to "relevant" witnesses and documents.  Accordingly, defendant's request for a change of venue is analyzed under 28 U.S.C. § 1404(a) which states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

Defendant contends that it is subject to personal jurisdiction in the Northern District of California and that venue would be proper there.  Plaintiffs do not contest these allegations.  Therefore, there is no dispute that this patent infringement suit might have been brought in the Northern District of California.  That leaves the focus of the inquiry the three

3

statutory factors, that is, convenience of parties and witnesses as well as the interest of justice.  Coffey, 796 F.2d at 219.  Defendant has failed to establish that any of those three factors weigh in favor of transferring this case to the Northern District of California.

### A.  Convenience of Parties and Witnesses

At the outset of this analysis I note that because the Western District of Wisconsin is not plaintiffs' home forum, their choice of the Western District of Wisconsin as the forum to litigate this patent infringement suit does not receive any special deference when determining the convenience of parties.  Doagle v. Board of Regents, 950 F. Supp. 258, 259 (N.D. Ill. 1997).  Conversely, the Northern District of California is defendant's home forum, which weighs slightly in its favor.  However, that appears to be the only factor that would favor transfer.

Although defendant raises several contentions in support of its argument that the Northern District of California is a more convenient forum, none establish that the transferee forum is clearly more convenient.  Defendant's first argument is that the transferee forum is more convenient because it is where its allegedly infringing products were developed.  However, it is no secret that patent infringement suits "involve a comparison of the alleged infringing device with the language of the patent claims," which makes the location where infringing devices were researched, developed and designed a neutral factor

4

in determining the convenience of a forum. Adams v. Newell Rubbermaind Inc., No. 07-C-313-S, 2007 U.S. Dist. LEXIS 62512, at *5 (W.D. Wis. Aug. 21, 2007) (citations omitted).

Next, defendant argues that the transferee forum is more convenient because important documents and employee witnesses with information regarding the technology behind defendant's products are all located there. Technological advancements, such as email, photocopying, scanning and the trend toward creating documents electronically, have made the transportation of evidence in patent infringement suits much easier. As a result, the location of evidence has, in general, become a neutral factor in determining the convenience of a forum. Id. at *5-6 (citations omitted). Defendant has failed to provide any reason why technological advancements have not neutralized the importance of the location of documents and data. Moreover, the location of defendant's potential witnesses who are its employees is not of great importance "because of the assumption that 'witnesses within the control of the party calling them, such as employees, will appear voluntarily.'" Id. at *6 (quoting FUL Inc. v. Unified School District No. 204, 839 F. Supp. 1307, 1311 (N.D. Ill. 1993)). Additionally, besides contending that it would prefer the in-court testimony of its witnesses, defendant fails to provide reasons why it cannot obtain deposition testimony in this patent suit, when "'in patent actions, depositions are customary and are satisfactory as a substitute for technical issues.'" Id. at *7 (quoting Medi USA, L.P. v. Jobst Institute, Inc., 791 F. Supp. 208, 211 (N.D. Ill. 1992)). Therefore, under the circumstances in this suit,

5

location of documents and employee witnesses are neutral factors in determining the convenience of the transferee forum.

Location of non-party witnesses, as opposed to employee witnesses, is an important factor when court compulsion is necessary to get such witnesses to testify. Milwaukee Electric Tool Corp. v. Black & Decker (N.A.) Inc., 392 F. Supp. 2d 1062, 1064 (W.D. Wis. 2005). Fifteen of the nineteen non-party witnesses identified by the parties in initial disclosures reside throughout the world and not in the Northern District of California, which makes transferring this suit there no more convenient for the majority of the non-party witnesses. Furthermore, two of the four non-party witnesses that do reside in the Northern District of California have agreed to travel to the Western District of Wisconsin to testify. The testimony of the witnesses from third-party defendants, Atheros Communication, Inc. and Marvell Semiconductor, Inc., can be recorded by videotape depositions that can be used at trial. Therefore, in this suit, the location of non-party witnesses is another neutral factor in determining the convenience of the transferee forum.

Defendant's contentions have established, at most, that the Northern District of California is as convenient a forum for this patent suit as the Western District of Wisconsin. In fact, both forums appear equally inconvenient for the parties and witnesses because the parties are worldwide corporations with documents and witnesses located all over the world. The Court of Appeals for the Seventh Circuit has recognized that when the parties are from

6

different states, or as in this suit, different countries, no one forum will avoid creating inconvenience. "[W]hen the inconvenience of the alternative forum venues is comparable there is no basis for a change of venue; the tie is awarded to the plaintiff . . . ." In re National Presto Industries, Inc., 347 F.3d 662, 665 (7th Cir. 2003). Accordingly, defendant's failure to establish that the convenience of the parties and witnesses results in anything more than a tie does not support a transfer.

B. Interest of Justice

It is established that the promotion of the interest of justice may be "determinative" in deciding whether to grant a transfer of venue. Coffey, 796 F.2d at 220. Defendant argues that transfer of this suit to the Northern District of California would serve the interest of justice by preventing plaintiffs from choosing this district primarily on the basis of its docket speed. However, there is nothing improper with choosing to litigate in a forum that offers the possibility of a speedier trial so long as venue is proper there. In fact, the interest of justice is served by litigating a suit "where the litigants are more likely to receive a speedy trial." Id. at 221.

Although docket speed alone would not be sufficient to defeat a motion to transfer when other factors established that another forum was clearly more convenient, in this suit defendant has failed to show that any other factors make the Northern District of California

7

clearly more convenient. Leggett & Platt, Inc. v. Lozier, Inc., No. 04-C-0932-C, 2005 WL 1168360, at *2 (W.D. Wis. May, 17, 2005). Accordingly, defendant's motion to transfer this suit to the Northern District of California will be denied.

ORDER

IT IS ORDERED that defendant NETGEAR, Inc.'s motion to transfer this suit to the Northern District of California (dkt. #17) is DENIED.

Entered this 4th day of April, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge