IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

FUJITSU LIMITED, LG ELECTRONICS
INC. and U.S. PHILIPS CORPORATION,

                                                       ORDER

                Plaintiffs,

                                               07-cv-710-bbc

    v.

NETGEAR, INC.,

               Defendant/Counterclaimant/
               Third Party Plaintiff,

    v.

MARVELL SEMICONDUCTOR, INC.,

               Third Party Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       In this civil action for patent infringement, plaintiffs Fujitsu Limited, LG Electronics Inc. and U.S. Philips Corporation have filed a motion requesting that defendant NETGEAR Inc.'s accused products be grouped for purposes of proof at trial (dkt. #178). Plaintiffs' motion is premature and will be denied. Although plaintiffs have offered no evidence to support their proposed groups, they cite Fed. R. Civ. P. 1 and Fed. R. Evid. 611(a) in support of their motion.

1

Procedural Rule 1 states that the procedural rules governing civil actions should be "administered to secure the just, speedy, and inexpensive determination of every action and proceeding." Evidentiary Rule 611(a) provides courts with power over the presentation of evidence "so as to . . . avoid needless consumption of time . . . ." Plaintiffs contend that these rules support grouping the accused products throughout the lawsuit to save time, effort and money.

I appreciate plaintiffs' desire to save time, but it would be inappropriate to order that the accused products be grouped at this time. If plaintiffs believe that grouping would be helpful, they are free to litigate the case in that manner. Eventually, however, it will be up to the court to decide whether plaintiffs' groups are appropriate and supported by the evidence. Such a decision cannot be made except on a motion for summary judgment, where the facts can be developed.

Plaintiffs contend that appropriate groups can be created using several industry standards, including the 802.11 Standard, because to comply with portions of the standards a product must use methods within the scope of plaintiffs' patents. Whether certain sections of the 802.11 Standard fall within the scope of plaintiffs' patents is an issue that has not yet been raised before the court. It would be an appropriate issue for summary judgment. Furthermore, whether defendant's products comply with certain sections of the 802.11 Standard is another issue that plaintiffs must prove in order to convince me that their

proposed groupings are appropriate for proving infringement. Although proving both contentions will be time consuming, that is the route plaintiffs have chosen by alleging infringement of 268 products.

To help simplify the process, I will permit plaintiffs to file one additional summary judgment motion for the sole purpose of addressing whether, as a matter of law, compliance with certain sections of the 802.11 Standard or the Wi-Fi Multimedia Specification fall within the scope of plaintiffs' patents. If plaintiffs believe that such a motion will prove helpful, plaintiffs will have until October 6, 2008, to file the motion, defendant's response will be due October 27, 2008, and plaintiffs' reply will be due November 6, 2008.

ORDER

IT IS ORDERED that:

1. Plaintiffs' motion to group the accused products for purposes of proof at trial (dkt. #178) is DENIED at this time.

2. Plaintiffs are permitted to file a summary judgment motion regarding whether compliance with certain sections of the 802.11 Standard or the Wi-Fi Multimedia Specification fall within the scope of plaintiffs' patents.. Plaintiffs must file the motion by October 6, 2008, defendant's response is due on October 27, 2008, and plaintiffs' reply is due November 6, 2008.

Entered this 10th day of September, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge