IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

FUJITSU LIMITED, *et al.*,

        Plaintiffs,

  v.

NETGEAR, INC.,

        Defendant and
        Third Party Plaintiff,

  v.

MARVELL SEMICONDUCTOR, INC., *et al.*,

        Third Party Defendants.

ORDER

07-cv-710-bbc

---

On September 15, 2008, this court held a hearing on plaintiff's motion for sanctions (dkt. #196). All parties were represented by counsel.

After taking proffers, reviewing exhibits and hearing arguments from the affected parties (plaintiffs and third-party defendant Marvell), I granted the motion for sanctions in part. As explained in more detail at the hearing, I found that Marvell had no excuse for not providing all of the source code in response to the court's August 29, 2008 order (dkt. #189). Its failure to do so was sanctionable.

I granted in part and denied in part the specific requests for sanctions made by plaintiffs. First, I ordered that Marvell actually complete production of all application source code, including any that Marvell claimed was not part of the original request at issue.

Second, Marvell must make a copy of its source code available at a location closer to plaintiffs' expert, as discussed at the hearing.

Third, plaintiffs are entitled to reasonable cost shifting going back to the first motion to compel that started this series. Marvell shall have seven calendar days within which to respond to any such request.

Fourth, I warned Marvell that, although it need not roll over and play dead during future discovery in this lawsuit, if the court finds that Marvell is at fault in another discovery dispute, Marvell faces sanctions at trial that would limit its ability to prosecute its counter-claims and/or limit its ability to defend against third-party plaintiff Netgear's claims in the event Netgear is found liable to plaintiffs.

Entered this 15th day of September, 2008.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge