IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

FUJITSU LIMITED, LG ELECTRONICS
INC. and U.S. PHILIPS CORPORATION,

                                      ORDER

                Plaintiffs,

                              07-cv-710-bbc

        v.

NETGEAR, INC.,

             Defendant/Counterclaimant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On November 18, 2008, defendant NETGEAR, Inc. filed a motion to exclude improperly disclosed opinions from plaintiffs' expert, dkt. #284.  In its motion, defendant contends that the portions of the reply expert report filed by plaintiffs' expert, Dr. Rhyne, regarding doctrine of equivalence opinions should be excluded from the case because those opinions were not disclosed in Rhyne's initial expert report.  At the time defendant filed its motion, dispositive motions were due within a week.  Defendant argues that allowing plaintiffs to use Rhyne's reply report would unfairly prejudice it because it would not have time to do discovery or create supplemental expert reports to address Rhyne's doctrine of equivalence opinions.

1

However, since the filing of defendant's motion, several of the case's deadlines have been adjusted, including the dispositive motion deadline, which was extended to February 27, 2009.  Because the dispositive motion deadline was extended by 3 months, defendant has had, and continues to have, time to conduct the discovery necessary to address Rhyne's doctrine of equivalence opinions.  Moreover, on December 16, 2008, the parties filed a joint motion to permit plaintiffs to file a third amended complaint and to submit the supplemental expert reports plaintiffs provided on October 24, 2008.  Dkt. #297.  The motion, which was granted on December 17, also provided defendant the opportunity to file additional expert reports in response to plaintiffs' October 24, 2008 supplemental reports.  Therefore, several deadlines have been adjusted and extended to insure that the parties receive the time necessary to properly address the breadth of issues in this case.

Accordingly, defendant will suffer no prejudice from Rhyne's doctrine of equivalence opinions.  I will deny defendant's motion as to its request that paragraphs 2, 35, 136 and 185 of Rhyne's reply expert report be excluded from this case.  However, I will grant defendant an opportunity to file an expert report response to the doctrine of equivalence opinions in paragraphs 2, 35, 136 and 185 of Rhyne's reply expert report.

ORDER

IT IS ORDERED that

1.  The motion to exclude improperly disclosed opinions from plaintiffs' expert and

for other relief, dkt. #284, filed by defendant NETGEAR, Inc. is DENIED as to its request

that paragraphs 2, 35, 136 and 185 of Rhyne's reply expert report be excluded from this

case.

2.  Defendant will be GRANTED until February 2, 2009, to submit an expert report

response to only the doctrine of equivalence opinions in paragraphs 2, 35, 136 and 185 of

Rhyne's November 14, 2008 reply expert report.

Entered this 8th day of January, 2009.

BY THE COURT:

/s/

_____

BARBARA B. CRABB
District Judge