IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

FUJITSU LIMITED, LG ELECTRONICS
INC. and U.S. PHILIPS CORPORATION,

                                                                 ORDER

                    Plaintiffs,

                                                         07-cv-710-bbc

    v.

NETGEAR, INC.,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       This is a patent infringement suit that has involved a large amount of discovery. With that discovery came discovery disputes. Specifically, in August and September the parties in this lawsuit, along with a third-party defendant, Marvell Semiconductor, Inc., who has since been voluntarily dismissed from the lawsuit, dkt. #247, filed several motions to compel and motions for sanctions. The discovery disputes between plaintiffs and Marvell were heard by Magistrate Judge Stephen Crocker on September 15, 2008. Dkt. #208. The magistrate judge granted plaintiffs' motion for sanctions against Marvell in part, concluding that "plaintiffs are entitled to reasonable cost shifting going back to the first motion to compel that started this series." Dkt. #210 at 1.

1

Plaintiffs filed a request for fees and costs in the amount of $65,974.00. Dkt. #232. Plaintiffs' attorneys included a declaration in support of their fees and costs, noting that they had "expended 115.50 hours relat[ed] to preparing, filing, and arguing the motions to compel and for sanctions." Dkt. #233 at 2. The attorneys break down their hours for each motion as follows: (1) 32.8 hours for the initial May 20, 2008 motion to compel, dkt. #105, which consisted of 11 pages, several of which described the process plaintiffs used in trying to have Marvell provide the requested discovery; (2) 26 hours for the August 5, 2008 renewed motion to compel, dkt. #160, which consisted of 8 pages, half of which were dedicated to describing the background of the motion; (3) 14.7 hours requesting and preparing for an emergency hearing on August 29, 2008; and (4) 42 hours for preparing and arguing a sanctions motion, dkt. #196, in court on September 15, 2008.

On October 17, 2008, Marvell filed an objection to plaintiffs' requested amount of fees and costs. Marvell contended that the amount of time spent on the motions was excessive because the only issue in the motions to compel was the production of Marvell's source code and that issue never changed. Marvell requested that plaintiffs' fees and costs amount be reduced to $16,518.50.

Plaintiffs' request for $65,974.00 as compensation for fees and costs expended with respect to their motions to compel and for sanctions is not "reasonable cost shifting" as ordered by the magistrate judge. None of the motions were complicated and the renewed

2

motions were merely a rehashing of the original motion.  Nonetheless, Marvell's proposal that the amount of plaintiffs' fees and costs be lowered to $16,518.50 is no more reasonable. Marvell's failure to produce its source code upon plaintiffs' repeated requests and continued failure to produce the code after production was ordered by the court forced plaintiffs' attorneys to expend time and resources.  It was necessary for them to file several motions, prepare for telephonic hearings and, finally, prepare for an in-court hearing.  Reasonable cost shifting is found somewhere in the middle of the parties' proposals.  In my view, the middle is $30,000.00.  Accordingly, I find that plaintiffs are entitled to $30,000.00 as compensation for the fees and costs incurred in the discovery motions at issue.

3

ORDER

IT IS ORDERED that the request, dkt. #232, of plaintiffs Fujitsu Limited, LG Electronics Inc. and U.S. Philips Corporation for fees and costs pursuant to the court's September 15, 2008 Order, dkt. #210, is GRANTED as modified to provide that Marvell Semiconductor, Inc. must pay plaintiffs $30,000.00.

Entered this 29th day of January, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge