IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

FUJITSU LIMITED, LG ELECTRONICS, INC.
and U.S. PHILIPS CORPORATION,

                              OPINION AND ORDER

                Plaintiffs,

                              07-cv-710-bbc

     v.

NETGEAR, INC.,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiffs Fujitsu Limited, LG Electronics, Inc. and U.S. Philips Corporation are suing defendant NETGEAR, Inc. for allegedly infringing United States Patents Nos. 6,469,993 (the '993 patent); 6,018,642 (the '642 patent); and 4,975,952 (the '952 patent). All three patents address technology involving wireless transmission of information.

Both parties have filed motions for summary judgment, along with the following additional motions:

- Defendant's First Motion to Strike (dkt. #443)

- Plaintiffs' First Motion to Strike (dkt. #467)

- Defendant's Second Motion to Strike (dkt. #485)

1

- Defendant's Third Motion to Strike (dkt. #508)

- Plaintiffs' Motion to Dismiss Defendant's Counterclaims (dkt. #503)

- Plaintiffs' Motion for Leave to File Sur-reply (dkt #504)

These additional motions are the topic of this opinion.


A. <u>Motions to Strike</u>

1. <u>Defendant's first motion to strike</u>

Defendant requests that the court strike paragraphs 20-22, 31, 34, 69, 79, 109, 116, 118-135, 152, 204, 205, 214, 241, 243, 249-50, 273 from Joel Williams's declaration, dkt. #357, and paragraphs 25, 40, 42 and 48-59 from V. Thomas Rhyne's declaration, dkt. #362. Defendant contends that those paragraphs provide new expert explanations and opinions, in violation of the court's preliminary pretrial conference order and Fed. R. Civ. P. 26, by including such information in expert declarations submitted after the expert report deadlines and dispositive motion deadline. Plaintiffs contend that the relevant paragraphs are permissible expert opinions that merely elaborate and expand on the opinions in the experts' reports.

The court's preliminary pretrial conference order requires that expert disclosure "comply with the requirements of Rule 26(a)(2)(A), (B) and (C). Supplementation pursuant to Rule 26(e)(1) is limited to matters raised in an expert's first report, must be in writing and

2

must be served no later than five calendar days before the expert's deposition." Dkt. #16 at 3. Despite plaintiffs' characterization of the declarations, most of the paragraphs to which defendant objects are new opinions or explanations. Although I agree with plaintiffs' contention that Rule 26 does not require an expert's testimony to be a mere repetition of his report, word for word, or that an expert be forbidden from explaining his report, most of the objectionable paragraphs do not even cite any portions of the experts' initial or supplemental reports. Instead, they are new opinions about how allegedly infringing products work or substantially new explanations about how the relevant standards are followed. For example, Williams's declaration includes new opinions and explanations regarding how WMM-compliant access points use access categories to obtain contention windows. Dkt. #357, ¶¶ 118-135. Although the paragraphs were based on information or data in Williams's original report, these are new explanations and opinions.

In any event, the connection between the new opinions and explanations and the initial and supplemental reports is too vague. In other words, even if the new explanations and opinions are related to the experts' previously disclosed reports, then the discussion of those issues was not "a detailed and complete statement of the testimony of the expert[s]." Salgado by Salgado v. General Motors Corp., 150 F.3d 735, 741 n.6 (7th Cir. 1998).

Further, plaintiffs fail to explain why these explanations could not have been provided in the original reports. One of the goals behind Rule 26's requirement that expert reports

3

be detailed and complete is to eliminate surprise.  Id.  Plaintiffs do not say why they should be permitted to surprise defendant with these new explanations and opinions.  Instead, they contend that all the relevant underlying information on which the declarations expand and elaborate can be found in the timely reports.  However, the presence of the information and data in the reports does not mean that the opinions and explanations were present.

Nonetheless, not all the disputed paragraphs are new opinions or explanations.  The following paragraphs do not violate Rule 26 or the court's preliminary pretrial order because they contain minor elaborations or reiterations of opinions found in earlier disclosed reports.  Dkt. #357, ¶¶ 34, 79, 116, 205, 241, 243, 249; dkt. #362, ¶¶ 25, 40, 42, 48.  Further, I need not "strike" the objectionable paragraphs that violate Rule 26 and the preliminary pretrial order.  Because plaintiffs failed to disclose Williams's and Rhyne's additional supplemental opinions and explanations until after the expert disclosure and dispositive motion deadlines, I will disregard any proposed facts supported by these supplements to which defendant has objected.  WNS Holdings, LLC v. United Parcel Service, Inc., No. 08-cv-275-bbc, 2009 WL 2136961, at *4 (W.D. Wis. July 14, 2009).

Finally, plaintiffs contend that the evidence cannot be excluded from use on summary judgment because defendant has failed to prove that plaintiffs' disclosure failures were not harmless, as he must under Rule 37(c)(1),  Plaintiffs misconstrue the burden.  Under Rule 37(c)(1) it is plaintiffs' burden, as the sanctioned parties, to show that their violation was

4

either justified or harmless.  <u>Salgado by Salgado</u>, 150 F.3d at 742.  Because defendant has failed to show that plaintiffs' violation necessitates the additional sanction of having to pay defendant's reasonable expenses in pursuing its motion to strike, that request will be denied. Accordingly, defendant's motion will be denied in part and granted in part.


2.  <u>Plaintiffs' motion to strike</u>

Plaintiffs contend that the declarations of Miland Kopikare, Timothy Donovan, Tushar Moorti and William J. McFarland, who are chipmakers, should be stricken because they provide expert testimony but were never named or qualified as experts and thus their testimony violates the court's preliminary pretrial conference order and Fed. R. Evid. 701. Defendant contends that the testimony contained in the four declarations is permissible lay testimony under Rule 701.

According to the preliminary pretrial conference order and the amended scheduling order, the parties were required to disclose all expert witnesses in accordance with Fed. R. Civ. P. 26(a)(2)(A), (B) and (C) by September 24, 2008 for the proponent and by October 22, 2008 for the respondent, with replies to be filed by November 12, 2008.  Dkt. #16 at 3; dkt. #87 at 2.  The preliminary pretrial order specified that "[f]ailure to comply with these deadlines and procedures could result in the court striking the testimony of a party's expert pursuant to Rule 37."  <u>Id.</u>  Rule 37 states that a failure to disclose an expert or

5

supplement his testimony prevents the party proposing the testimony from using "that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Defendant did not disclose Kopikare, Donovan, Moorti and McFarland as expert witnesses and does not contend that its failure to disclose them is substantially justified or harmless.  Thus, the issue is whether their testimony is correctly characterized as lay or expert testimony.

Under Fed. R. Evid. 602, "A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has *personal knowledge* of the matter." (Emphasis added.)  Further, under Rule 701, a lay witness may testify about his opinions or inferences that are:

> (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

The addition of subsection (c) to Rule 701 was intended to "eliminate the risk that the reliability requirements set forth in Rule 702 [would] be evaded through the simple expedient of proffering an expert in lay witness clothing."  Fed. R. Evid. 701, advisory committee note (2000).  The relevant distinction is between expert and lay testimony, not expert and lay witnesses.  Id.  In other words, "it is possible for the same witness to provide both lay and expert testimony in a single case."  Id.

6

Plaintiffs contend that the chipmakers' declarations violate Rule 701 because they contain "expert opinions regarding, among other things, the functionality of semiconductor controller chips, the interactions of firmware and the controller chips, the implementation of the controller chips . . . ." Plts.' M. Strike, dkt. #467, at 3. Defendant contends that the chipmakers are senior employees of defendant's chipset suppliers and that their declarations are based on their personal perceptions and intimate understanding of the chipsets, and their knowledge is particularized but not specialized. Def.'s Resp., dkt. #476, at 1. The parties' dispute is common in the realm of patent litigation. E.g., WNS Holdings, LLC, 2009 WL 2136961, at *2-3 (disputing whether employee's testimony was lay or expert).

As I noted in WNS, "[t]estimony is expert in nature when it is the type that 'could have been offered by *any* individual with specialized knowledge of the [relevant topic].'" 2009 WL 2136961, at *2 (emphasis and alteration in original) (citing United States v. Conn, 297 F.3d 548, 555 (7th Cir. 2002)). Here, as in WNS, some of the relevant testimony contained in the chipmakers' declarations is expert testimony and some is lay testimony. The portions of the declarations containing testimony about how the chipsets function and how those functions relate to any of the pertinent standards at issue in this case are clearly expert testimony. It would be impossible for an untrained layman to observe defendant's chipsets as they function and know how those functions correspond to the 802.11 standard. Nonetheless, the chipmakers' personal knowledge of the chipsets permits

7

them to testify about what chipsets are found in defendant's products and certain concrete facts about the chipsets, such as the default fragmentation parameters on chipsets.  Kopikare Decl., dkt. #331, at ¶4; Moorti Decl., dkt. #329, at ¶4.

Accordingly, the portions of the chipmakers' declarations explaining how chipsets function is expert testimony and cannot be used to support defendant's proposed findings of fact because defendant never disclosed the chipmakers as experts.  I will disregard proposed facts supported by the chipmakers' declarations to which plaintiff has objected. The chipmakers' statements about what chipsets and defaults are found in defendant's products are admissible lay testimony under Rules 602 and 701.

3.  Defendant's second motion to strike

Defendant requests that portions of several of plaintiffs' expert declarations be stricken and not relied on when deciding the summary judgment motions.  Defendant's second request contains some requests identical to those in its first motion to strike.  The same reasons and rulings regarding the declarations of Rhyne and Williams apply to their declarations submitted in opposition to defendant's motion for summary judgment, dkt. ##442 and 460.  Further, defendant's additional requests to strike paragraphs 7 through 12 of Williams's declaration and paragraph 148 of Rhyne's declaration will be denied because the information is mere background or a minor, insubstantial elaboration on earlier disclosed

8

expert reports.

The new request in defendant's second motion is directed to the declaration of Izhak Rubin, plaintiffs' invalidity expert.  Defendant requests that paragraphs 4 through 16 be stricken because they contain new theories and opinions.  Plaintiffs contend that Rubin's declarations are merely new formulations based on his previous reports by providing "additional technical detail and additional explanation and elaboration of his opinions."  Plts.' Resp., dkt. #505, at 6-7.  However, as with the declarations of Williams and Rhyne, most of the paragraphs to which defendant objects are supplemental opinions or explanations that were to have been disclosed before the relevant expert deadlines.  The paragraphs that are minor elaborations or reiterations are 7, 8, 9, 11 and 14.  Dkt. #452.

Plaintiffs' contention that Rubin was merely responding to improperly disclosed expert testimony from defendant's expert, Dr. Heegard, is unavailing.  Even assuming that defendant submitted improper or untimely expert opinions, an opposing party's proper response is not to follow suit and submit improper or untimely expert opinions.  Further, plaintiffs' contention that Rubin was merely casting his report in the light most favorable to plaintiffs' summary judgment is unpersuasive.  The circumstances are not similar to Promega Corp. v. Applera Corp., No. 01-C-224-C, 2002 WL 32348544, at *1 (W.D. Wis. Oct. 23, 2002), where the parties were selectively quoting an expert's reports causing the expert to submit a declaration to clear up any discrepancies.  Here, there is no selective quoting of

9

Rubin's expert report.  There are merely new opinions responding to defendant's summary judgment arguments.

Finally, plaintiffs contend that the evidence cannot be excluded from use on summary judgment because under Rule 37(c)(1) they were "substantially justified" in submitting late undisclosed opinions.  Plaintiffs contend that Rubin was responding to new arguments that were unknown until after the expert report deadlines had passed.  If plaintiffs believed such opinions were necessary, they should have sought leave to file supplemental expert reports rather than merely submit a supplemental declaration with new opinions.

Because defendant has failed to show that plaintiffs' violation necessitates the additional sanction of having to pay defendant's reasonable expenses in pursuing its motion to strike, that request will be denied.  Accordingly, defendant's motion will be denied in part and granted in part.  I will disregard any proposed facts supported by the untimely supplements to which defendant has objected.  WNS Holdings, LLC, 2009 WL 2136961, at *4.

4.  Defendant's third motion to strike

Defendant requests that the supplemental declaration of Joel Williams, dkt. #492, and exhibits 272 through 275, dkt. ##495, 496 & 501, be disregarded because they contain additional facts and were submitted in conjunction with plaintiffs' reply in their motion for

summary judgment.  Plaintiffs contend that the declaration and exhibits are proper and necessary to respond to misrepresentations and objections made by defendant regarding plaintiffs' proposed findings of fact.

In the preliminary pretrial conference order, it is clear that "all parties must follow this court's procedure governing [motions for summary judgment], a copy of which is attached to this court." Dkt. #16, at 3.  The court's procedures state that "[t]he statement of proposed findings of fact shall include ALL factual propositions the moving party considers necessary for judgment in the party's favor" and that "[w]hen a responding party disputes a proposed finding of fact, the response must be limited to those facts necessary to raise a dispute.  The court will *disregard* any new facts that are not directly responsive to the proposed fact." Id. at 14, I.B.3. and 16, II.D.4. (Emphasis added.)  These procedures do not permit the moving party to provide additional facts in reply because the opposing party would not have an opportunity to respond to those additional facts in a sur-reply.  Its response could bring the moving party to seek a sur-sur-reply if it believes more facts are needed to flesh out the new responses.  The process could continue indefinitely if there were no limits.  Accordingly, I will disregard the use of the supplemental declaration and the exhibits.

11

B. Motions to Dismiss and to File Sur-reply

Plaintiffs filed two related motions: (1) a motion to dismiss defendant's declaratory judgment counterclaims regarding claims 1, 2, 3, 6 and 21 of the '993 patent and claim 4 of the '952 patent, dkt. #503, and (2) a motion to request leave to file a sur-reply to explain that it did not address defendant's contentions regarding its invalidity counterclaims about the claims plaintiffs seek to dismiss.  Because I am granting plaintiffs' motion to dismiss, I will deny its motion for leave as unnecessary.

On March 27, 2009, I granted the parties' joint stipulation dismissing all plaintiffs' infringement causes of action regarding claims 1, 2, 3, 6 and 21 of the '993 patent and claim 4 of the '952 patent *with prejudice*.  Dkt. #439.  Plaintiff contends that the prejudicial dismissal of those claims requires dismissal of defendant's invalidity counterclaims regarding the same patents' claims because defendant no longer has Article III standing to pursue those counterclaims.  Defendant contends that the parties never agreed to dismiss its declaratory judgment invalidity counterclaims and that it has standing to continue to pursue those counterclaims.

The Court of Appeals for the Federal Circuit has held that a district court has discretion to dismiss invalidity counterclaims when infringement claims have been disposed.  Phonometrics, Inc. v. Northern Telecom Inc., 133 F.3d 1459, 1468 (Fed. Cir. 1998); Cardinal Chemical Co. v. Morton Int'l, Inc., 508 U.S. 83, 95 (1993) (in addressing motion

12

for declaratory judgment district court has discretion in determining whether to exercise jurisdiction even when established).  The discretionary power to dismiss defendant's invalidity counterclaims regarding claims 1, 2, 3, 6 and 21 of the '993 patent and claim 4 of the '952 patent as issues that no longer need to be addressed is separate from determining whether the court retains subject matter jurisdiction over such counterclaims, an issue that remains murky.  Compare Fort James Corp. v. Solo Cup Co., 412 F.3d 1340, 1348 (Fed. Cir. 2005) (holding that district court erred in determining that jury verdict of non-infringement divested district court of jurisdiction to hear unenforceability counterclaim) with Benitec Australia, Ltd. v. Nucleonics, Inc., 495 F.3d 1340, 1347 (Fed. Cir. 2007) (holding that district court correctly determined that it had been divested of jurisdiction to hear defendant's counterclaims for invalidity and unenforceability when plaintiff had voluntarily dismissed its infringement claims without prejudice before trial).  Thus, although it is unclear when a district court is divested of jurisdiction over declaratory counterclaims, I need not address that issue.

Discretionary dismissal is appropriate because defendant's accused products in this case can never be found to have infringed claims 1, 2, 3, 6 and 21 of the '993 patent and claim 4 of the '952 patent.  The dismissal with prejudice of plaintiffs' infringement claims regarding those same claims insures that result .  Further, the invalidity of claims 1, 2, 3, 6 and 21 of the '993 patent and claim 4 of the '952 patent is not evident.  A finding of

13

invalidity would require combining several pieces of prior art, including several patents and technical articles.

Defendant has not given the court any reason to believe that it is at risk of a future infringement suit concerning claims 1, 2, 3, 6 and 21 of the '993 patent and claim 4 of the '952 patent. Although defendant notes that devices using the 802.11 standard may be considered infringing in the future, it provides no evidence that it produces additional devices not accused of infringing in this case that could be the basis of another such infringement suit. Although some effort has been expended in briefing the invalidity of claims 1, 2, 3, 6 and 21 of the '993 patent and claim 4 of the '952 patent, all such effort is not lost or wasted in dismissing the related counterclaims at this point. The arguments regarding claims 1, 2, 3 and 6 of the '993 patent are relevant to the invalidity arguments regarding claims 25 and 26 of the '993 patent, which are still relevant in this case. The arguments regarding claim 4 of the '952 patent constituted no more than two additional pages of briefing and were a small addition to defendant's core argument regarding the invalidity of claim 1 of the '952 patent. Because plaintiffs' infringement claims regarding claims 1, 2, 3, 6 and 21 of the '993 patent and claim 4 of the '952 patent were dismissed with prejudice and because defendant's counterclaims of invalidity are uncertain, I will exercise my discretionary power and dismiss defendant's invalidity counterclaims regarding claims 1, 2, 3, 6 and 21 of the '993 patent and claim 4 of the '952 patent without prejudice.

14

It would be an unnecessary additional expenditure of judicial and party resources to explore these issues at this stage.

ORDER

IT IS ORDERED that:

1.  Defendant's first and second motions to strike, dkt. ##443 and 485, are GRANTED IN PART and DENIED IN PART in accordance with this opinion;

2.  Plaintiffs' motion to strike, dkt. #467, is GRANTED IN PART and DENIED IN PART in accordance with this opinion;

3.  Defendant's third motion to strike, dkt. #508, is GRANTED in so far as plaintiffs' replies include additional proposed findings of fact;

4.  Plaintiffs' motion to dismiss defendant's counterclaims is GRANTED and defendant's invalidity counterclaims regarding claims 1, 2, 3, 6 and 21 of the '993 patent and claim 4 of the '952 patent are DISMISSED WITHOUT PREJUDICE; and

5.  Plaintiffs' motion for leave to file sur-reply is DENIED as unnecessary.

Entered this 28th day of July, 2009.

BY THE COURT:

/s/

_____

BARBARA B. CRABB
District Judge

16